**David B. CLEMENTSON, Plaintiff,**

**v.**

**Raymond J. DONOVAN, Secretary of Labor, U.S. Department of Labor, Defendant.**

**Civ. No. 84–0732.**

United States District Court,
D. Hawaii.

Jan. 21, 1985.

On Motion for Rehearing March 8, 1985.

Ted Gamble Clause, Honolulu, Hawaii, for plaintiff.

Jerome Davis, U.S. Dept. of Labor, Washington, D.C., Daniel Bent, U.S. Atty., Dist. of Hawaii, Eric L. Wilson, Asst. U.S. Atty., Honolulu, Hawaii, for defendant.

## MEMORANDUM AND ORDER

PENCE, District Judge.

Plaintiff, a disabled Vietnam era veteran, alleges that the failure of his employer, Crowley Maritime Corporation, a Federal contractor, to rehire him after he voluntarily quit his position, violated Crowley's affirmative action obligation under the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 2012 (the Act). The plaintiff filed an administrative complaint with the Office of Federal Contract Compliance Programs (OFCCP), Unit-

ed States Department of Labor. The OFCCP investigated the complaint and determined that Crowley had not violated the contract, Act or regulations promulgated pursuant thereto. The Acting Director of the Division of Enforcement Coordination of the OFCCP, acting pursuant to a delegation by the Acting Director, OFCCP, concurred with this determination, which was the final agency decision. 41 C.F.R. § 60-250.26(g).

In this action, plaintiff seeks review of the decision pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq. Plaintiff requests that this court declare the agency decision unlawful and provide such other relief as his cause may require.

The defendant has filed a motion to dismiss, or in the alternative, for summary judgment. Fed.R.Civ.P. 12 and 56. The defendant contends that the decision not to initiate legal action on plaintiff's complaint is an unreviewable exercise of prosecutorial discretion; that even if reviewable, the findings and decision to refrain from enforcement proceedings are not arbitrary, capricious nor an abuse of discretion.

I. *Background*

The affirmative action provisions of the Act require that any contract or subcontract entered into for $10,000 or more contain a provision obligating the contractor to take affirmative action to employ and promote qualified special disabled veterans and veterans of the Vietnam era. The enforcement of the Act has been delegated by the Secretary of Labor to the OFCCP. The implementing regulations (41 C.F.R. Part 60-250) prohibit contractors from discriminating in employment against qualified special disabled veterans and veterans of the Vietnam era, and set forth the affirmative action requirements of the Act. 41 C.F.R. § 60-250.4. The OFCCP's complaint investigation procedures are the same for the Act as for Section 503 of the Rehabilitation Act of 1973, as amended (29 U.S.C. § 793) See *Roddy v. Shong*, 33 FEP Cases 1399 (N.D.Ohio, 1983). These procedures charge

the Director of the OFCCP with the primary responsibility for investigating that there has been no violation, or if the Director decides not to initiate administrative or legal proceedings against the contractor, the Director is required to so notify the complainant. 41 C.F.R. § 60-250.26(g)(1). Within thirty days of that notification, the complainant may request the Director to review the determination.

On July 11, 1983, plaintiff filed a complaint with the OFCCP, alleging discrimination based on his disabled Vietnam era veteran status. In particular, he alleged that Crowley was in violation of both the nondiscrimination and affirmative action clauses of its federal contract when it did not rehire him as an operations assistant.

OFCCP's San Francisco Regional Office initiated an investigation of these claims through its San Jose Area office in accordance with 41 C.F.R. § 60-250.26(e). After investigation, the regional office concluded that there was no evidence of personal bias against the complainant because of his disabled veteran status.

The investigation disclosed that Mr. Clementson had been employed part time by Crowley as an operations assistant, from January 1982 until April 27, 1983. Mr. Clementson had voluntarily resigned his position at the conclusion of a 12 hour shift on April 27, 1983 and two days later attempted to rescind his resignation. His immediate supervisor declined to consider him for rehire and he appealed to the Manager, Hawaiian Marine Lines, who took no action.

On May 6, 1983, and again on May 10, 1983, plaintiff appealed to the Operations Manager at Corporate Headquarters. He was told to submit an application as a new hire. Mr. Clementson submitted the proper forms on May 23, 1983, and became one of 11 applicants for the position. The job was later awarded to another Vietnam era veteran.

Plaintiff's personnel files indicated that he had received a merit increase on January 1, 1983, for satisfactory performance.

The investigation also showed that during the period of his employment he did not have a good working relationship with his supervisor. The two had had numerous disagreements, some concerning inattentiveness to safety, and others which contained vulgarity. In a memorandum dated May 25, 1983, from the Operations Manager to the Personnel Director, the Manager had recognized this stormy relationship and, while acknowledging that plaintiff was a good worker, was unable to recommend him for the position at issue because of the above problems. The Manager did state, however, that "it is not my intention to bar him from being employed elsewhere in the company."

On May 17, 1983, plaintiff received a Personnel Action Notice informing him that he was terminated because of the circumstances surrounding his resignation. That same day, he phoned the Manager, Hawaiian Marine Lines, and was advised to put his complaint in writing. His May 18, 1983 letter was forwarded to the Personnel Director, who then advised the Manager to correct any possible factual inaccuracies contained in the Notice.

The regional office notified plaintiff of its investigative findings by letter dated January 12, 1984. Plaintiff then requested reconsideration of this decision in a letter dated February 14, 1984. This request was granted, and he was so notified on March 12, 1984. Plaintiff's case file was then forwarded to Mr. Bluestein, Acting Director of the Division of Enforcement Coordination, for review.

Mr. Bluestein conducted a thorough review of the case file, regional findings, and materials accompanying the request for reconsideration, after which he affirmed the regional office's decision. Plaintiff was properly advised of the reasons for this determination in a letter dated May 21, 1984. Bluestein cited the fact that the plaintiff's status was not a factor in his original hiring, and that it was highly unlikely that it would become determinative now. He recognized plaintiff's concerns regarding Crowley's internal policies and the relationships between management and employees, but stated that these concerns could only be addressed by OFCCP when the contractor's actions violated those regulations which OFCCP has the authority to enforce. Since there was no evidence of such violation, the Department could take no further action.

## II. *Judicial Reviewability*

The threshold question presented in this case is whether the court has jurisdiction to review the decision at issue herein. I hold that it does.

■ The Secretary maintains that the decision to forego further legal action on plaintiff's complaint is an unreviewable exercise of discretion. According to the APA judicial review is to be provided except to the extent that (1) statutes preclude review; or (2) agency action is committed to agency discretion by law. 5 U.S.C. § 701(a). In the absence of an express prohibition in the Act, the Secretary "bears the heavy burden of overcoming the strong presumption that Congress did not mean to prohibit all judicial review of his decision." *Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975). "Only upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). See also, *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971); *Chevron Oil Co. v. Andrus,* 588 F.2d 1383, 1388 (5th Cir.1979). Thus, the Supreme Court has stated in strong terms that the exemption from APA review of action "committed to agency discretion" is a very narrow exception. *Citizens to Preserve Overton Park, Inc., supra.* The exception applies only in those rare instances where "statutes are drawn in such broad terms that in a given case there is no law to apply." *Id.* That a statute by its terms permits, rather than compels, agency actions does not alone commit that action to the agency's unreviewable discretion.

*Save the Bay, Inc. v. Administrator of E.P.A.,* 556 F.2d 1282, 1293 (5th Cir.1977).

■ Since the exception to judicial review of an administrative action is very narrow, and since the Secretary has not demonstrated by clear and convincing evidence that the legislative intent behind the Act was to restrict access for review, I conclude that the plaintiff has a right to judicial review in the case *sub judice. Moon v. Secretary, United States Department of Labor,* 747 F.2d 599 (11th Cir. 1984); cf. *Pace and Smart v. Donovan,* 35 FEP Cases 255 (D.D.C., 1984); contra *Presinzano v. Hoffman-LaRoche,* 726 F.2d 105 (3rd Cir.1984).

■ The next question is the scope of the review which the court can conduct. Plaintiff argues that such a review should be De Novo, particularly because the Secretary's investigation was not sufficiently extensive in scope and should have included a review of Crowley's general commitment to affirmative action. However, plaintiff's allegations in his complaint to the OFCCP merely concerned actions taken by Crowley against him. The enforcement scheme provided for by the regulations, 41 C.F.R. § 61–250.26(e), does not provide that when a complaint of individual discrimination is made a review is then made of the contractor's entire commitment to affirmative action. Thus, the Secretary property investigated only Mr. Clementson's individual complaint.

De Novo review is only appropriate where there have been inadequate fact finding procedures in an adjudicatory proceeding. Plaintiff has argued that this investigation was adjudicatory in nature. Not so here: In this case the OFCCP performed an investigatory function, not an adjudicatory one. Further, in nonadjudicatory fact finding investigations, the traditional notions of Fifth Amendment Due Process do not attach. *Hannah v. Larche,* 363 U.S. 420, 440, 80 S.Ct. 1502, 1513, 4 L.Ed.2d 1307 (1960); *Shell Oil v. EEOC,* 523 F.Supp. 79 (E.D.Mo., 1981), rev'd, 676 F.2d 322 (8th Cir.1982), rev'd, —— U.S. ——, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984).

■ The Secretary's decision not to invoke the enforcement mechanisms is therefore to be reviewed under the limited standard of "abuse of discretion" 5 U.S.C. § 706(2)(A).

In reviewing the reasons for the non-enforcement of Clementson's claim, the court may consider only "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment ... [thus] the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency". *Citizens to Preserve Overton Park v. Volpe, supra,* 401 U.S. at 416, 91 S.Ct. at 824 (1971).

Based on this standard of review of the facts and record presented by defendant in this case I find that defendant fully investigated plaintiff's complaint. Further, I find that defendant was not arbitrary, capricious nor abused his discretion.

THEREFORE, upon consideration of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, plaintiff's opposition thereto, oral argument on the Motion and the entire record,

IT IS THEREBY ORDERED that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, be and hereby is GRANTED, and the Complaint is DISMISSED.

## ON MOTION FOR REHEARING

Plaintiff Clementson, a disabled Vietnam-era veteran, worked as operations assistant for Hawaiian Marine Lines, whose parent was Crowley Maritime Corp. (Crowley), a federal government contractor. His suit against the Department of Labor arose out of Crowley's refusal to rehire him.

Clementson's basic claims were that:

(1) While employed by Crowley in 1983, on one occasion, a Crowley official told him that a parent company executive had asked why Crowley was employing a "gimp". Plaintiff was crippled.

(2) He had a continuing argumentative relationship with his supervisor. He maintained that his job of supervising barge loading was very stressful due to the constant possibility of accidents.

(3) At the end of a shift on April 27, 1983, during which his supervisor verbally abused him, he told the latter that he "quit". The next day, he returned and tried to rescind his resignation, but despite repeated requests, Crowley would not rehire him and he was sent a written notice of discharge. Instead, a non-disabled Vietnam veteran, discharged over four years before, and allegedly less well-qualified, was hired to replace him.

Clementson thereafter filed a complaint with the office of federal contract compliance programs of the Department of Labor, alleging that he was not rehired due to prejudice against him as handicapped, and that the company had violated affirmative action requirements imposed on it as a government contractor, 38 U.S.C. section 2012.

The agency decided there was insufficient evidence that the refusal to rehire was based on Clementson's status as a disabled, i.e., handicapped, Vietnam-era veteran. That decision was affirmed on reconsideration at the next level; thus plaintiff's administrative remedies were exhausted.

Clementson then brought this action against the Department of Labor claiming that its action in refusing to order his reinstatement had been arbitrary, capricious, unreasonable, unlawful, and procedurally defective. 5 U.S.C. sections 702, 706; 41 C.F.R. section 60–250.26(e).

On hearing, this court held that the agency's decision had been rationally based upon the evidence, that the investigation had been procedurally correct, and that there was no evidence of discrimination or violation of affirmative action regulations. The court granted summary judgment for the Department of Labor.

Clementson now moves for reconsideration of that decision.

I

█ He first argues that the Department of Labor's decision was arbitrary and capricious because it failed to consider whether Crowley had a duty, under affirmative action requirements, to transfer Clementson to another job.

This court previously held that this claim was not properly before it, because Clementson had not raised the claim before the agency. He now argues that 41 C.F.R. section 60–250.26(a), which requires the agency to assist complainants in preparing their complaints, required it to help him focus on the denial of transfer as well as the refusal to rehire.

The complaint was prepared on a form supplied by the agency. Clementson urges that one of the boxes checked, "discharge", placed in issue more than just Crowley's failure to rehire him in his old job, but, fairly read, also places in issue Crowley's refusal to employ him at all after he quit. (The other box checked was "failure or refusal to hire".)

However, this claim was not so presented to the agency. The tenor of Clementson's complaint to the agency was Crowley's refusal to rehire for his old position, not for a refusal to rehire him in some other job in the company. The agency thus had no obligation to supply him with possible new grounds for complaint.

II

█ Clementson also argues that the agency's decision was arbitrary. because it failed to consider whether Clementson's service-induced ulcer made him tense and contributed to his turbulent relationship with his supervisor, which, in turn, led to his quit/discharge. This is based on 41 C.F.R. section 60–250.6(h)(2), which required the employer to identify disabled veterans' "problem areas" in relationships with line management, and accommodate them.

Besides the fact that this claim, too, was not before the agency, the chain of causation is entirely too attenuated to compel

this court to order the agency to require Crowley to rehire Clementson and give him special treatment because of his service-induced ulcer.

### III

■ Clementson alleged in his request for reconsideration before the agency that Crowley did not have a valid affirmative action program in place, as required. He argues that the Department's regulations required the employer to give notice to Clementson about the company's affirmative action program and invite him to take advantage of it. Therefore, he claims:

a. If Crowley did not have a valid program in place, it deprived Clementson of his right to affirmative action practices that might have prevented his termination. Thus, the agency's decision was arbitrary and capricious.

b. If Crowley violated its duty to give notice, it interfered with Clementson's ability to frame his original complaint to the agency by depriving him of relevant information.

These, it is argued, are genuine issues of law and fact precluding a grant of summary judgment.

Again, however, the causation requirement is not fulfilled. The only evidence before the agency showed that the reason for the quit/discharge was a personality dispute, and the agency rationally so concluded. Even if it were entirely the supervisor's fault, this still was not evidence of discrimination or failure to obey affirmative action regulations.

Moreover, the fact that Crowley did or did not have an affirmative action program in effect at the time of the quit/discharge does not change the basic facts underlying Clementson's claim. Clementson's claims were fully reviewed by the agency under the same standards that would prevail with or without an affirmative action program in place.

### IV

■ The employee argues that the administrative record is not before the court, so the Department cannot show that it is entitled to summary judgment. There is no way to tell if agency fact-finding procedures were adequate.

However, the written complaints were clearly before the agency, and the same, along with the agency's summary of the evidence, its recommended findings, and the reasons therefor, were before this court. The record was sufficient for this court to rule upon.

### V

■ Clementson states that after he quit and Crowley refused to rehire him, Crowley tried to intimidate him from taking his complaint to the agency. If so, this would be contrary to 41 C.F.R. section.60–250.51, and Crowley might be liable for agency sanctions. Such a "violation" coming *after* Clementson's quit/discharge would have no relevance to Clementson's "refusal to rehire" complaint.

Upon reconsideration, this court finds no basis for setting aside its grant of summary judgment for the Department of Labor. Therefore, it is hereby ORDERED that the motion for rehearing is DENIED.