David B. CLEMENTSON,
Plaintiff-Appellant,

v.

William E. BROCK,* Secretary of
Labor of the United States,
Defendant-Appellee.

No. 85–1989.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1986.

Decided Dec. 29, 1986.

* William E. Brock has been substituted for Raymond J. Donovan, Fed.R.App.P. 43(c).

Ted Gamble Clause, Honolulu, Hawaii, for plaintiff-appellant.

Jeffrey Hennemuth, Atty., U.S. Dept. of Labor, Washington, D.C., for defendant-appellee.

Before CHAMBERS, KENNEDY, and HALL, Circuit Judges.

KENNEDY, Circuit Judge:

The issue in this case is whether a decision of the Secretary of Labor to forego enforcement action under the Vietnam Era Veterans' Readjustment Assistance Act of 1972 (VEVRA), as amended, 38 U.S.C. §§ 2011–2014, is subject to judicial review. Applying the principles announced in *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), we conclude that such a decision is committed to agency discretion and immune from judicial review.

VEVRA provides that federal contracts shall contain language requiring contractors to take affirmative action to employ and promote disabled veterans and veterans of the Vietnam era. 38 U.S.C. § 2012(a). It further provides that a veteran who believes a contractor has not complied with its affirmative action obligations may file a complaint with the Secretary of Labor, who must investigate the complaint and take "appropriate action in accordance with the terms of the contract and applicable laws and regulations." 38 U.S.C. § 2012(b).

The Secretary has promulgated regulations implementing VEVRA. 41 C.F.R. §§ 60–250.1–.54 (1985). The regulations provide the language contracts must contain, 41 C.F.R. § 60–250.4, but permit the Office of Federal Contract Compliance Programs (OFCCP), which administers the regulations, to waive some or all of them if "special circumstances in the national interest so require," 41 C.F.R. § 60–250.3(b)(1). The regulations detail the complaint procedure, 41 C.F.R. § 60–250.26, directing that matters "should be resolved by informal means, including conciliation, and persuasion, whenever possible." 41 C.F.R. § 60–250.28(a). And the regulations specify a number of remedies for noncompliance, stating that the OFCCP may withhold progress payments, terminate contracts, bar contractors from receiving future contracts, or "may, within the limitations of applicable law, seek appropriate judicial action ..." 41 C.F.R. § 60–250.28(b)-(e).

David Clementson is both a "special disabled veteran" and a "veteran of the Vietnam era" within the meaning of VEVRA. 38 U.S.C. § 2011(1), (2)(A). From January 1982 to April 1983, he worked as an operations assistant for Crowley Maritime Corporation, a federal contractor. On April 27, 1983, after a dispute with his supervisor, Clementson quit his job. He attempted to rescind the resignation but was denied reinstatement by his supervisor. After unsuccessfully challenging the supervisor's action through Crowley's grievance procedure, he reapplied for his old position,

but was passed over in favor of another applicant.

Clementson filed a complaint with OFCCP, claiming that Crowley had discriminated against him as a disabled Vietnam veteran. OFCCP's regional office conducted an investigation, but concluded that evidence of discrimination was insufficient to warrant further investigation. Clementson then filed a request for reconsideration with the director of OFCCP, submitting additional information in support of his claim. After reviewing the request, the director decided that the regional office's decision was correct. Clementson then initiated this action seeking judicial review of OFCCP's decision.

Writing without the benefit of *Chaney*, the district court found that it had jurisdiction to review OFCCP's decision. *Clementson v. Donovan*, 608 F.Supp. 152, 155–56 (D. Hawaii 1985). On the merits, however, it found that the agency's refusal to institute enforcement proceedings against Crowley was not an abuse of discretion. *Id.* at 156. We review the conclusions of the district court de novo. *See Trustees of Amalgamated Ins. Fund v. Geltman Industries*, 784 F.2d 926, 929 (9th Cir.1986) (statutory construction); *Ramstad v. Hodel*, 756 F.2d 1379, 1382 (9th Cir.1985) (lower court review of administrative action).

VEVRA does not provide for judicial review of enforcement decisions under section 2012. If review is available, then, it is only through the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–706. Under the APA, final agency action, including a failure to act, is subject to judicial review if there is no other adequate remedy in a court. 5 U.S.C. §§ 551(13), 704. An exception is made, however, for action "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Such action is unreviewable, for there is simply "no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971) (quoting S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945)).

Traditionally, this exception has been construed narrowly, with courts presuming that agency action is reviewable. *Id.; Abbott Laboratories v. Gardner*, 387 U.S. 136, 139–41, 87 S.Ct. 1507, 1510–11, 18 L.Ed.2d 681 (1967). In *Chaney*, however, the Court expressly applied a contrary presumption to agency decisions not to exercise enforcement authority, finding that such decisions were committed to agency discretion unless Congress provided guidelines for the exercise of such authority. 105 S.Ct. at 1656.

As a general rule, therefore, when an agency determines not to start enforcement proceedings, there is a presumption against judicial review of that decision. *Chaney* so directs. Following *Chaney*, we look first to the language of VEVRA to see if Congress has provided guidelines that rebut the presumption. We find that it has not.

VEVRA states that, after investigation of a section 2012 complaint, OFCCP need only "take appropriate action in accordance with the terms of the contract and applicable laws and regulations." 38 U.S.C. § 2012(b). It provides no indication of what "appropriate action" is; it lists no factors for OFCCP to consider in making that determination; and it specifies no standards for a court to use in cabining the agency's discretion. In short, it leaves us with "no law to apply."

Following *Chaney*, we next seek guidelines in VEVRA's implementing regulations, which provide OFCCP with considerable latitude. The regulations permit waiver of the affirmative action requirements, not in a narrowly circumscribed class of cases, but whenever "special circumstances in the national interest so require." 41 C.F.R. § 60–250.3(b)(1). They exhibit a preference for informal methods of complaint resolution, rather than litigation. 41 C.F.R. § 60–250.28(a). And, although they permit OFCCP to seek judicial relief, the language is permissive, not mandatory, stating that the agency *may* seek judicial action. 41 C.F.R. § 60–250.28(b) (emphasis added). Taken together, the regulations reinforce the impression that deciding upon "appropriate action" in this context in-

volves the "complicated balancing of ... factors ... peculiarly within [the agency's] expertise" that led the *Chaney* court to deem nonenforcement decisions unsuitable for judicial review. 105 S.Ct. at 1656.

We express no opinion about reviewability in cases where an agency has adopted a general policy so extreme as to amount to an abdication of statutory responsibility, for no such claim is present in this case. *See Chaney,* 105 S.Ct. at 1656 n. 4; *cf. Legal Aid Soc'y of Alameda County v. Brennan,* 608 F.2d 1319 (9th Cir.1979) (wholesale failure to enforce Executive Order 11246). We hold that, in the absence of such an abandonment of responsibilities, the agency's decision to forego enforcement action under section 2012 of VEVRA is immune from judicial review.

The judgment of the district court is AFFIRMED.