**Ronald HARRIS, Plaintiff,**

**v.**

**Ann McLAUGHLIN, Secretary, Department of Labor, et al., Defendants.**

**No. C88–3927.**

United States District Court, N.D. Ohio, E.D.

Dec. 26, 1989.

Carl P. Kasunic, Willoughby, Ohio, for Ronald Harris.

Patrick McLaughlin, U.S. Atty., for Ann McLaughlin.

Heidi Krumdieck, Trial Atty., Dept. of Labor, Office of Solicitor, Div. of Civil Rights, Washington, D.C., for U.S. Dept. of Labor.

## ORDER

SAM H. BELL, District Judge.

Pending before the court is a motion to dismiss filed by defendants Ann McLaughlin, Secretary of Labor and United States Department of Labor, Employment Standards Administration, Office of Federal Contract Compliance Programs. Plaintiff Ronald Harris (Harris) filed a reply motion in opposition to defendants' motion. The court reviewed said motions and the applicable statutes and case law and finds that defendants' motion is well taken and amply supported by legal precedent.

## STATEMENT OF FACTS

Plaintiff Harris applied for a pre-apprenticeship training program with B.O.C. Fabricating, Inc. a federal contractor. Plaintiff alleges that he was disqualified from the program solely on the basis of a low test score on a United States Armed Forces Institute General Educational Development (G.E.D.) test (a high school equivalency test). Plaintiff, a Vietnam era veteran as defined by statute felt that he was discriminated against, because according to him, the contractor B.O.C. Fabricating should not have relied entirely on the G.E.D. score but should have used the point system that considers other qualifications. On April 14, 1986, plaintiff filed a complaint with the Office of Federal Contract Compliance Program (OFCCP) alleging that B.O.C. Fabricating violated the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRA), 38 U.S.C. § 2012(a) which requires a federal contractor to "take affirmative action to employ and advance in employment qualified special disabled veterans and veterans of the Vietnam era."

OFCCP's Cleveland area office investigated Harris' complaint and on September 26, 1986 notified Harris that there was insufficient evidence to conclude that the contractor had violated its obligation under VEVRA. On October 24, 1986, Harris requested that the director of OFCCP review the Cleveland area office's determination of no violation. The acting director issued a determination upholding the Cleveland area office's determination on July 1, 1987. Following this finding Harris filed a cause of action in this court, entitled "Application for review of Administrative Action pursuant to 5 U.S.C.S. § 702." Plaintiff alleges that the decision of the Cleveland office and the Secretary of Labor not to refer plaintiff's complaint for further enforcement action was arbitrary, capricious, an abuse of discretion and, otherwise not in accordance with law. ¶ 8. Harris requested that the court remand his complaint to the Secretary of Labor and direct the Secretary to review the complaint in light of the multifaceted point rating system developed by the contractor and its labor union.

Plaintiff also prays for his reasonable attorney fees.

## LAW AND DISCUSSION

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is constrained to accept as true the allegations of a complaint. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983), *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062, 1065 (6th Cir.1984). To dismiss the complaint against defendant, the court would have to find it beyond doubt that the plaintiff can prove no set of facts in support of its claim which would justify the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

A myriad of statutory regulations and interpretations were cited by the parties in this case. Yet, at this stage, the whole case depends on one issue: whether under the current applicable statutes, regulations and the case law this court has the power and the applicable legal standards to review the OFCCP's determination? or, whether Congress granted the agency in this case such unfettered discretion in determining whether a violation occurred and whether to pursue further enforcement, that the courts are entirely out of the picture.

■ The strong presumption in favor of judicial review of agency action can be overcome only by clear and convincing evidence that Congress intended to cut off review above agency level. *Jaimez–Revolla v. Bell*, 598 F.2d 243, 194 U.S. App.D.C. 324 (1979). The burden of establishing exclusion from judicial review is on defendants. *Bachowski v. Brennan*, 502 F.2d 79 (3d Cir.1974) reversed on other grounds 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), on remand 405 F.Supp. 1227. Judicial review of agency actions is governed by the Administrative Procedure Act (APA)

5 U.S.C. §§ 701–706. In *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) the court reviewed the APA provision:

Any person adversely affected or aggrieved" by agency action, see § 702, including a "failure to act", is entitled to "judicial review thereof", as long as the action is a "final agency action for which there is no other adequate remedy in a court." see § 704. The standards to be applied on review are governed by the provisions of § 706. But before any review at all may be had, a party must first clear the hurdle of § 701(a). That section provides that the chapter on judicial review "applies, according to the provisions thereof, except to the extent that— (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* at 828, 105 S.Ct. at 1654.

■ Defendants claim that the determination of the OFCCP that there was insufficient evidence to conclude that the contractor had violated VEVRA, falls in the category of actions "committed to agency discretion by law" under § 701(a)(2) and therefore is not reviewable by this court. For support defendant relies mainly on the United States Supreme Court opinion in *Heckler v. Chaney, supra,* in which now Chief Justice Rehnquist distinguished between the exception provided in § 701(a)(1) from the § 701(a)(2) exception. Unlike the case at bar, and the situation in *Chaney,* § 701(a)(1) applies when Congress "expressed an interest to preclude judicial review." *Id.* at 830, 105 S.Ct. at 1655.

But, the § 701(a)(2) exception applies where the "statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.* Justice Rehnquist reasons that in such cases "the statute can be taken to have 'committed' the decision-making to the agency's judgment absolutely." *Id.* Thus, § 701(a)(2) identifies a separate class of cases and avoids conflict with § 706's "abuse of discretion" standard of review—"if no judicially manageable standards are available for judging how and

when an agency should exercise its discretion then it is impossible to evaluate agency action for 'abuse of discretion.'" *Id.*

The case at bar creates such a situation. VEVRA neither expressly provides, nor expressly precludes judicial review. The statute directs OFCCP to "take appropriate action", without defining what such action entails. In the implementing guidelines for VEVRA, 41 C.F.R. 60–250.28(b) the OFFCP is granted permissive authority to seek judicial relief, (not mandatory), coupled with discretion to waive affirmative action requirements *Id.* § 60–250.3(b)(1) and encouragement to use informal conciliatory methods of complaint resolution. *Id.* § 60–250.28(a). This statutory scheme led the court in *Clementson v. Brock*, 806 F.2d 1402 (9th Cir.1986), in a case similar to the case at bar, to hold that the OFFCP decision to forego enforcement action under 38 U.S.C. § 2012 is indeed committed to agency discretion and thus immune from judicial review. The *Clementson* court relied on the presumption articulated in *Chaney:*

> This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. See *United States v. Batchelder*, 442 U.S. 114, 123–124 [99 S.Ct. 2198, 2203–2204, 60 L.Ed.2d 755] (1979); *Vaca v. Sipes*, 386 U.S. 171, 182 [87 S.Ct. 903, 912, 17 L.Ed.2d 842] (1967); *Confiscation Cases*, 7 Wall. 454 [19 L.Ed. 196] (1869).

*Chaney* 470 U.S. at 831, 105 S.Ct. at 1655.

The *Chaney* Court explained that agency decisions to refuse enforcement are generally unsuitable for judicial review because they often involve a complicated balancing of a number of factors peculiary within the agency's expertise; including not only assessment of the violation, but also assessment of agency resource allocation; likelihood of success; overall agency policies; availability of resources, etc. *Id.* The Court recognized that an agency "cannot act against each technical violation of the statute it is charged with enforcing." Further, the Court explained that "when an

agency refuses to act it generally does not exercise its *coercive* power over an individual's liberty or property rights, and thus does not infringe upon areas that courts often are called upon to protect. *Id.* at 832, 105 S.Ct. at 1656. While concluding that an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2), the Court emphasized that this presumption may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers. *Id.* at 833, 105 S.Ct. at 1656. Plaintiff Harris claims that VEVRA does provide such guidelines when it directs the Secretary of Labor to "promptly investigate such complaint and take such appropriate action in accordance with the terms of the contract and the applicable laws and regulations. 38 U.S.C. § 2012(b). Regarding the contract, Harris contends that The Standard Apprentice Plan developed by the contractor and plaintiff's union established a multifaceted point rating system for evaluation of applicants' qualifications. Further, plaintiff claims that the regulation adopted in 41 C.F.R. § 60–260.6 provide appropriate guidelines for agency action. This court disagrees. The regulation cited by plaintiff deals with generalities, *i.e.*, personnel procedures and policies to implement VEVRA. Neither the C.F.R. regulations nor the one page entitled "II. Point Rating System" submitted to the court, provides any guidance as to the specific legal standards for judicial review of agency action in this case.

Therefore, in line with *Chaney* and *Clementson*, this court holds that the agency's decision to forego enforcement action under § 2012 of VEVRA is immune from judicial review.

Accordingly, defendants' motion to dismiss (Docket No. 5) is hereby granted and this case is dismissed in its entirety.

IT IS SO ORDERED.