900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert G. GIBSON, Plaintiff-Appellant,
v.
L.K. COMSTOCK, INC.; United, States Department of Labor,
Defendants-Appellees.
 No. 89-3805.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Albert G. Gibson, a pro se Ohio citizen, appeals from the district court's order dismissing his action for judicial review of a determination of the United States Department of Labor, filed pursuant to the Administrative Procedure Act (APA), 5 U.S.C. Secs. 701, et seq.
 
 
 3
 Gibson filed this action alleging that the Department of Labor improperly resolved his complaint of racial discrimination against his former employer, L.K. Comstock, Inc., when the agency determined not to bring a lawsuit on his behalf against his former employer. Gibson filed a complaint with the Office of Federal Contract Compliance Programs (OFCCP), alleging that Comstock had discriminated against him, and others similarly situated, on the basis of race in violation of Executive Order No. 11246, as amended. The OFCCP's investigation determined that Comstock had not violated the nondiscrimination provision of Executive Order 11246 with respect to Gibson or the other individuals named in his administrative complaint. Gibson's district court complaint seeks review of OFCCP's determination.
 
 
 4
 After a review of the files and records, the district court found that OFCCP's determination was an agency action committed to agency discretion by law, and that, pursuant to 5 U.S.C. Sec. 701(a)(2), the determination was not subject to judicial review. Consequently, the district court dismissed Gibson's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Gibson has filed a timely appeal, challenging the district court's dismissal of his action. In addition, Gibson has also filed a motion for miscellaneous relief.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in its opinion and order. The district court correctly concluded that OFCCP's determination not to institute an action against L.K. Comstock on Gibson's behalf was exempt from judicial review pursuant to 5 U.S.C. Sec. 701(a)(2).
 
 
 6
 Executive Order 11246, as amended, does not provide for judicial review of agency decisions; thus, Gibson can obtain judicial review only through the APA. Clementson v. Brock, 806 F.2d 1402, 1404 (9th Cir.1986). Under 5 U.S.C. Sec. 701(a)(2), review is "not to be had if a statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion", since under such circumstances it is impossible to evaluate the agency's action for an "abuse of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985). Moreover, where an agency refuses to undertake enforcement actions, the presumption is that judicial review is not available. Id. at 831; Clementson, 806 F.2d at 1402. The presumption is rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers. Chaney, 470 U.S. at 833.
 
 
 7
 After reviewing Executive Order 11246 and its implementing regulations, see 41 C.F.R. Sec. 60-1.1, et seq., we conclude that neither provides such substantive guidelines for the agency to follow so as to rebut the presumption against judicial review. Where, as here, the Order and implementing regulations are expressed in terms of permissive rather than mandatory language, do not list factors for the agency to use in reaching its determination, and specify no standards for a reviewing court to use in evaluating agency determinations, the presumption against judicial review is not rebutted. Chaney, 470 U.S. at 835; Clementson, 806 F.2d at 1404.
 
 
 8
 Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.