76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willard JENKINS, Sr., Plaintiff-Appellant,
v.
Sheila E. WIDNALL, Secretary of the Department of the Air
Force, Defendant-Appellee.
 No. 95-15851.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willard Jenkins, Sr. appeals pro se the district court's grant of summary judgment for the Secretary of the Air Force ("Secretary") in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Jenkins, a fifty-one year old black male veteran, with an unspecified 10% service related disability, had received a temporary six-month appointment as a store clerk at the McClellan Air Force Base ("MAFB") commissary under a preference given to eligible veterans.
 
 
 4
 Jenkins contends that he was discriminated against on the basis of race, sex, age, national origin and disability: (1) when he was terminated upon expiration of his temporary employment at the MAFB commissary; (2) when he was directed to file his application for permanent employment with the State of California Employment Development Department Office ("EDD"); and (3) in the handling of his Equal Employment Opportunity ("EEO") complaint.[2] This contention lacks merit.
 
 
 5
 We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Summary judgment should be granted if the evidence, read in the light most favorable to the moving party, demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Jesinger, 24 F.3d at 1130.
 
 
 6
 A prima facie case of intentional discrimination based on race, sex, age and national origin "may be based either on a presumption arising from the factors such as those set forth in McDonnell Douglas Corp. v. Green ... or by more direct evidence of discriminatory intent." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Under McDonnell Douglas, a plaintiff must show: (1) membership in a protected class; (2) that he or she applied for and was qualified for a job; (3) that an employment decision was made despite these qualifications; and (4) that the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 7
 Here, personnel records submitted by Jenkins explicitly state that "temporary employees serve under appointments limited to one year or less" and that the conditions of temporary employment were explained to Jenkins prior to his appointment. In addition, the records state that Jenkins' appointment was made pursuant to 5 C.F.R. § 316.402(b)(4). See 5 C.F.R. § 316.401(c)(1) (appointments under section 316.402(b)(4) are not to exceed one year). Because the store clerk position was temporary, Jenkins cannot show that he was terminated despite his qualifications or that the position remained open. See McDonnell Douglas, 411 U.S. at 802. Accordingly, Jenkins failed to make out a prima facie case under McDonnell Douglas. See id.
 
 
 8
 Jenkins also failed to make out a prima facie case based on direct evidence of discrimination. See Wallis, 26 F.3d at 889. First, Jenkins alleged that MAFB's refusal to accept his Veterans Readjustment Act ("VRA") application and the MAFB's instruction that his application must be submitted to the EDD was discriminatory because the referral program is used to discriminate against black applicants. The Secretary, however, offered evidence that since late 1986, all VRA applicants to MAFB are referred to the EDD. The Secretary also provided evidence that black applicants were referred to and selected by MAFB during the time period in which Jenkins alleges discrimination. Second, Jenkins alleged discrimination in the handling of his EEO complaint. The Secretary, however, produced evidence that the Office of Chief EEO Counselor made every effort to assist Jenkins in preparing his complaint, including assigning Jenkins a new counselor when he expressed dissatisfaction with his initial counselor, meeting with him for seven hours to assist him in clarifying his allegations, and giving him the opportunity to review and amend both his initial complaint and the addendum prepared by his new counselor.
 
 
 9
 Because Jenkins did not present any direct evidence that the Secretary intentionally discriminated against him on the basis or race, sex, age, or national origin, he also failed to make out a prima facie case of discrimination based on direct evidence of discrimination. See id.[3]
 
 
 10
 Finally, because Jenkins failed "to establish the existence of an impairment that substantially limits a major life activity," he failed to make out a prima facie case of disability discrimination under the Rehabilitation Act. See Jasany v. United States Postal Service, 755 F.2d 1244, 1249 (9th Cir.1985); see also Fornsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) (stating that "purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment").
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Jenkins contends the Secretary violated the Veterans Readjustment Act ("VRA"), the district court properly held that it lacked jurisdiction to consider Jenkins' claim. Where a VRA statute and implementing regulations are silent on the issue of judicial review, agency actions are committed to agency discretion, and are thus immune from judicial review. See Clementson v. Brock, 806 F.2d 1402, 1404-05 (9th Cir.1986)
 
 
 [2]
 Jenkins does not appeal the district court's earlier ruling on nine other discrimination claims. See Fed.R.App.P. 28(a)(3); International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir.1985) (noting that this court will not consider matters not raised on appeal)
 
 
 [3]
 Because Jenkins has not "show[n] how allowing additional discovery would have precluded summary judgment," the district court did not abuse its discretion by denying Jenkins' requests to compel discovery. See Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir.1994). Additionally, the district court properly denied Jenkins' request for preliminary relief. For the reasons discussed above, Jenkins could not show "probable success" on the merits. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir.1987)