# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-2246

_____

| | | |
|---|---|---|
| Donald Greer, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Elaine Chao, Secretary of the | * | District of Minnesota. |
| United States Department of | * | |
| Labor, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 12, 2007
Filed:  July 9, 2007

_____

Before LOKEN, Chief Judge, O'CONNOR<sup>*</sup>, Associate Justice (Ret.), and
GRUENDER, Circuit Judge.

_____

O'CONNOR, Associate Justice (Ret.).


     This case considers the response of the Department of Labor's Office of Federal
Contract Compliance Programs (OFCCP) to Donald Greer's complaint filed under the
Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA), as

---

     <sup>*</sup> The Honorable Sandra Day O'Connor, Associate Justice of the United States
Supreme Court (Ret.), sitting by designation, pursuant to 28 U.S.C. § 294(a).

amended. Because the OFCCP promptly discharged its duty to conduct an investigation into Greer's administrative complaint, we conclude that the Secretary of Labor's response in this case represents a decision committed to agency discretion and is, therefore, immune from judicial review.

I.

The Vietnam Era Veterans Readjustment Assistance Act of 1974 (VEVRAA), as amended, provides that the federal government shall require its contractors to "take affirmative action to employ and advance in employment qualified covered veterans." 38 U.S.C. § 4212(a). In addition, the statute provides that a covered veteran who believes that a government contractor has not complied with VEVRAA "may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations." 38 U.S.C. § 4212(b). The Secretary of Labor has charged the Office of Federal Contract Compliance Programs (OFCCP) with investigating complaints made against contractors. 41 C.F.R. 60-250.60, 60-250.61(a). After the OFCCP receives such a complaint, it is directed to "prompt[ly] investigat[e]," 41 C.F.R. 60-250.61(d), and determine whether to pursue enforcement proceedings against the contractor. 41 C.F.R. 60-250.65, 60-250.66. If the OFCCP determines either that the contractor has not committed an infraction or that initiating enforcement proceedings is unwarranted, the OFCCP informs the complainant and the contractor, usually in a Notice of Results of Investigation. 41 C.F.R. 60-250.61(e)(1).

On November 15, 2001, Donald Greer, a covered veteran of the Vietnam era, filed a complaint with the OFCCP asserting that his employer, Eaton Corporation, had failed to comply with VEVRAA. Among other assertions, Greer contended that Eaton had not adequately trained its employees in VEVRAA and had not adhered to the affirmative obligations that the statute imposes. On November 27, 2001, less than two weeks after Greer filed his complaint, OFCCP began an investigation. Over the

ensuing eighteen-month period, OFCCP agents visited Eaton Corporation, reviewed Greer's employment file, interviewed Greer's coworkers, and discussed employment decisions with Eaton managers. On August 29, 2003, OFCCP notified Greer in a Notice of Results of Investigation that the investigation had turned up insufficient evidence to conclude either that Eaton had discriminated against him or that Eaton had violated any of its affirmative obligations. Accordingly, the OFCCP informed Greer that it would not seek enforcement action against Eaton. Although Greer asked the OFCCP to reconsider its decision, OFCCP's Regional Director issued a letter affirming the agency's initial findings.

Greer filed a lawsuit in district court seeking review of this decision under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, asserting that the agency had not complied with the obligations imposed by VEVRAA. The Secretary of Labor moved to dismiss the case, contending that the district court lacked jurisdiction because the agency's decision to decline enforcement proceedings against Eaton was, under *Heckler v. Chaney*, 470 U.S. 821 (1985), and related cases, immune from judicial review. Greer responded by suggesting that *Chaney* was irrelevant: "[Greer] is not contesting the Secretary's decision not to take enforcement action against Eaton Corporation. He is asking this Court to require the Department of Labor (DOL) to conduct an investigation of [Greer]'s claims before making any decision." Plaintiff's Reply Memorandum to Defendant's Response to Plaintiff's Motion for Summary Judgment, at 1-2. The district court avoided resolving the case in light of *Chaney*, and instead granted summary judgment to the Secretary of Labor because Greer's affidavit in support of his motion for summary judgment had not been successfully filed. By the district court's lights, this failure to file meant that Greer had proffered no evidence in support of his allegations against Eaton Corporation.

This appeal followed.

## II.

VEVRAA provides that when a Vietnam Era veteran files a complaint with the Secretary of Labor, she "shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations." 38 U.S.C. § 4212(b). The question we consider today is whether this language permits us to review the agency's conduct in response to Greer's administrative complaint. We hold that it does not.

There is a strong presumption that agency action is reviewable by courts. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971). That strong presumption, however, is not an absolute. Indeed, the Administrative Procedure Act (APA) provides an exception to judicial reviewability where agency action is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). And as the Supreme Court of the United States observed in *Chaney*, "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." 470 U.S. at 830. *See also Ngure v. Ashcroft*, 367 F.3d 975, 981-82 (8th Cir. 2004).

In *Chaney*, the Court held that when an agency declines to initiate enforcement proceedings, that decision is not presumptively reviewable. *See id.* at 831. This is true because when an agency decides to seek enforcement actions (or declines to seek enforcement actions), it is entitled to the same type of discretion that a prosecutor is afforded in bringing (or not bringing) criminal charges. *See Chaney*, 470 U.S. at 831 ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Drake v. FAA*, 291 F.3d 59, 71 (D.C. Cir. 2002) (noting that "when [the Federal Aviation Agency's] prosecutorial discretion is at issue, the matter is presumptively committed to agency discretion by law").

*Chaney* deemed enforcement decisions "general[ly] unsuitab[le]" for judicial review because "an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise." 470 U.S. at 831. In addition to "assess[ing] whether a violation has occurred," the agency must also assess "whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all." *Id.* And *Chaney* expressly noted that agencies need not pursue every statutory violation that they may encounter. *See id.* at 831-32 ("An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities.").

Greer styles his lawsuit as contesting the Secretary's *investigation* in response to his administrative complaint because there can be no question that a direct challenge to the Secretary's *enforcement* decision would be impermissible. If VEVRAA provided a "meaningful standard against which" to evaluate the agency's "exercise of discretion" in this context, then we would be able to review the decision declining to pursue enforcement proceedings. *Chaney*, 470 U.S. at 830, 832. But, as then-Judge Kennedy found when he entertained a challenge to an enforcement decision under VEVRAA, the statute contains no such meaningful standard. *See Clementson v. Brock*, 806 F.2d 1402, 1404 (9th Cir. 1986). Interpreting the same language that we consider today, *Clementson* observed that the statutory language "provides no indication of what 'appropriate action' is; it lists no factors for OFCCP to consider in making that determination; and it specifies no standards for a court to use in cabining the agency's discretion." *Id.* "In short," then-Judge Kennedy wrote, "it leaves us with no 'law to apply.'" *Id. See Overton Park*, 401 U.S. at 410 (declining the presumption of reviewability "where statutes are drawn in such broad terms that in a given case that there is no law to apply") (internal quotation marks omitted).

Accordingly, Greer asserts that he is challenging not the agency's enforcement powers, but its supposed failure to investigate certain claims within his complaint. At least one district court has previously analyzed objections to agency investigations in light of *Chaney*. In *Giacobbi v. Biermann*, 780 F. Supp. 33 (D.D.C. 1992), Frank Giacobbi filed a complaint with the Department of Labor under Section 503 of the Rehabilitation Act of 1973, which directs that the Department "shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant." 29 U.S.C. § 793. Subsequently, the OFCCP investigated the complaint, concluded that no Section 503 violation had occurred, and notified Giacobbi of its conclusions in a Notice of Results of Investigation. In turn, Giacobbi filed a lawsuit predicated on the APA in which he contended "it [was] not the decision not to take enforcement action that he ask[ed the district court] to review; rather, it [was] the . . . manner in which the investigation was carried out." 780 F. Supp. at 37. The court in *Giacobbi*, however, rejected this contention: "This argument cannot succeed because the investigation itself, like the final decision whether or not to take enforcement action, is within the 'enforcement arena' and therefore, committed to agency discretion." *Id.* (quoting *Robbins v. Reagan*, 780 F.2d 37, 40 (D.C. Cir. 1985)). Drawing on *Chaney*, *Giacobbi* suggested that the manner in which an agency opts to investigate a complaint is largely a matter left to the agency's discretion: "Deciding which claims are facially without merit, which claims merit investigation, and the level of investigation desirable, are all enforcement-related decisions." *Id.*

The court in *Giacobbi* understood the plaintiff's disagreement with the agency's handling of his matter to hinge on two different problems with the agency investigation: (1) the Department's "investigation was not reasonably thorough" in light of "inaccuracies in DOL findings" and "factually erroneous conclusions," *id.* at 38-39; (2) Giacobbi "claims that his complaint of retaliation was not investigated at all." *Id.* at 39. As to the first contention, *Giacobbi* reasoned: "This Court's only function is to ascertain whether an investigation did take place. A review of the DOL's findings makes clear that the complaint was investigated." *Id.* As to the claim

regarding the absence of investigation regarding the retaliation claim, *Giacobbi* stated: "It is true that the word 'retaliation' does not appear in the DOL findings. It would appear, however, that the gravamen of Plaintiff's retaliation claim was investigated." *Id.* In addition, *Giacobbi* rejected the contention that the Department is required to address "each of the complaint's claims individually." *Id.* at 39, n.2. Noting that Giacobbi appeared to be requesting "a more formal and detailed set of findings than he received," the court found that "[s]uch findings are not required." *Id.*

In this case, Greer's efforts to attack the agency's investigation do nothing to remove his lawsuit from the "enforcement arena." There is no question that the Secretary of Labor conducted an investigation into Greer's complaint. Indeed, Greer's filings in district court acknowledge that the OFCCP investigated his administrative complaint. *See* Amended Complaint ¶ 8 ("After the Department of Labor undertook an investigation of plaintiff's complaint, . . . ").

None of Greer's claims regarding the instant investigation distinguish this case from *Giacobbi*. While one paragraph of Greer's Amended Complaint discusses the Secretary's failure to conduct "a full, fair, and thorough investigation," Amended Complaint at ¶ 30, we find that the "level of investigation desirable" is fundamentally an "enforcement-related decision[]." *Giacobbi*, 780 F.Supp. at 39. *Accord Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1307 (D.C. Cir. 1997) ("The scope of investigation . . . is very much dependent on the agency's interpretation and administration of its authorizing substantive legislation concerning which the agency may enjoy interpretative deference."). Moreover, at oral argument in district court, Greer's attorney said: "[The Department of Labor] investigated the ultimate claims. They did not investigate the building blocks that led to them." 1/25/06 Oral Arg. Tr. at 11. This sounds to us like an objection to the manner in which the investigation was carried out.

Although Greer styles his lawsuit as an objection to the Secretary's failure to investigate certain aspects of his larger complaint, it is clear that at bottom Greer objects to the Secretary's decision not to initiate enforcement proceedings against Eaton. Indeed, there are portions of Greer's filings in district court that strongly indicate that he did not object to the Secretary's *investigation* so much as its decision regarding *enforcement*. See Amended Complaint ¶ 24 ("The materials provided plaintiff do indicate that defendant has not even attempted to perform its legal duty to *enforce* [VEVRAA], . . . .") (emphasis added); *id.* at ¶ 25 ("A measure of defendant's indifference to its *enforcement* responsibilities is its failure to rule on plaintiff's complaints of retaliation.") (emphasis added). When it comes to the agency's discretionary enforcement powers, courts do not usually interfere. *Chaney*, 470 U.S. at 834 ("The danger that agencies may not carry out their delegated powers with sufficient vigor does not necessarily lead to the conclusion that courts are the most appropriate body to police this aspect of their performance."). We can find no reason to depart from that standard practice here.

While an agency's investigation might, at least conceivably, be so anemic that its decision to decline enforcement proceedings would be suspect, we have no occasion to pass on that scenario here. As then-Judge Kennedy wrote in *Clementson*, "We express no opinion about reviewability in cases where an agency had adopted a general policy so extreme as to amount to an abdication of statutory responsibility, for no such claim is present in this case." 806 F.2d at 1405 (citing *Chaney*, 470 U.S. at 833 n.4). *See Giacobbi*, 780 F. Supp. at 39 (rejecting the argument that "the investigation was so cursory or wholly unreasonable that the Court should view it as not having been made"). We do not encounter anything resembling such an anemic investigation on the facts before us. Among other actions, OFCCP officials visited Eaton, discussed conditions with coworkers, and interviewed managers. These investigatory steps are sufficient to indicate that the Secretary discharged her statutory obligations.

While we do not rely on the reasoning of the district court, we nonetheless find that it reached the correct result in granting summary judgment to the Secretary of Labor. In light of the foregoing reasons, the judgment of the district court is affirmed.

_____